## LIST v. STATE OF INDIANA.

### [No. 23,766.   Filed June 24, 1921.]

1. FOOD.— Sale of Diseased Meat.— Affidavit.— Sufficiency.— Statutes.—An affidavit charging that defendant had in his possession, with intent to sell for food, meat taken from certain diseased animals, knowing it to be so diseased and intending it to be used for food, is sufficient under §2455 Burns 1914, Acts 1905 p. 584, §546.   p. 26.

2. CRIMINAL LAW.—Appeal.— Review.— Evidence.— Sufficiency. —Weight of Evidence.—In determining the sufficiency of the evidence to sustain the verdict, the court on appeal will not weigh the evidence, and if there is some evidence tending to support each essential element of the offense charged, it is sufficient to sustain a verdict of guilty.   p. 26.

3. FOOD.—Sale of Diseased Meat.— Conviction.— Appeal.— Review.— Evidence.— Sufficiency.— In a prosecution for unlawfully having in possession meat taken from diseased animals with intent to sell it for food, evidence which failed to show that defendant intended to sell such animals for food, or even had possession of meat taken from such animals for any purpose or knew of sales being made by another, is insufficient to sustain a conviction.   p. 26.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Prosecution by the State of Indiana against William L. List.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*William E. Deupree, Ivory J. Drybread* and *William Featherngill,* for appellant.

*Ele Stansbury,* Attorney-General, and *Aladar H. Hamborszky,* for the state.

WILLOUGHBY, J.—The defendant was convicted by a jury of a violation of §2455 Burns 1914, Acts 1905 p. 584, §546, and his punishment fixed at a fine of $375.

From a judgment rendered on this verdict he appeals and assigns as error:   (1) The trial court erred in overruling his motion to quash the affidavit herein.   (2) The trial court erred in overruling his motion for a new trial.

The affidavit omitting the formal parts thereof is as follows: "That on or about the 19th day of May, 1919, at the county of Johnson, State of Indiana, William L. List, did then and there unlawfully have in his possession with intent to sell the same, certain meat and pork taken and made from certain sick and diseased animals, and knowing the same to be so taken and made from sick and diseased animals, intending the same to be used for food; said animals being certain hogs which at the time of their death were infected with cholera, and were known as *virus* hogs and were in a diseased and unwholesome condition, which condition the said William L. List then and there well knew."

The defendant moved to quash the affidavit for the following reasons, to wit: (1) The facts stated in said affidavit do not constitute a public offense. (2) That said affidavit states matter which if true would constitute a legal justification of the offense charged. (3) That said affidavit does not state the offense with sufficient certainty.

The statute upon which this prosecution is founded, §2455 Burns 1914, *supra*, is in the same language as §2070 R. S. 1881 which was construed by this court in *Schmidt* v. *State* (1881), 78 Ind. 41.

In *Schmidt* v. *State, supra*, the defendant was charged under §2070 R. S. 1881, with unlawfully having in his possession, with intent to sell, meat of certain sick, diseased and injured animals and the court, in considering a motion to quash said: "The section is evidently not to be taken in its exact literal sense. It is found under the article entitled 'Against Public Health.' The evident object of the provision was to prevent the killing of such animals for the purpose of sale for food, or selling, or having in possession with intent to sell, *for food,* the meat of such animals. The legislature evidently did not intend to prevent the killing of such animals

with intent to sell, or the selling of the meat, for such purposes as would not affect public or individual health; and the killing for sale, or the sale of the meat for other harmless purposes for which it might have a commercial value, was not intended to be interdicted. The statute is to be construed as if the interdict had been put upon the killing for the purpose of sale for food, and the selling, or having in possession the meat with intent to sell it for such purpose." The court in that case held the affidavit insufficient because it did not allege that the meat was had in possession with intent to sell the same for food and that the accused had knowledge of the bad qualities of the meat.

In the instant case the affidavit alleges that the defendant had in his possession certain meat taken and made from certain sick and diseased animals; that he knew it to be so taken and made from sick and diseased animals; that he had such meat in his possession with intent to sell the same to be used for food. We hold the affidavit sufficient under the rule laid down in *Schmidt* v. *State, supra.*

The appellant claims that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. This court will not weigh the evidence, and if there is some evidence tending to sustain each essential element of the offense charged, it is sufficient evidence to sustain the verdict. The appellant's brief contains a condensed recital of the evidence in narrative form, and the state has not made any corrections or additions thereto. We have carefully examined the evidence set out in the appellant's brief and fail to find any evidence tending to show that appellant ever had in his possession any meat taken and made from sick and diseased animals. It is said in argument that the fact of a sale of carcasses of *virus* hogs to one Weidman who afterwards sold the

.meat to his customers for food is a circumstance tending to show that the carcasses of the hogs were kept with intent to sell the same for food purposes, but there is no evidence tending to show that appellant intended to sell them to be used as food or even that he did sell them or have possession of them for sale for any purpose.

The evidence shows affirmatively that the carcasses of *virus* hogs sold to Weidman were in the possession of, and were the property of, the Franklin Serum Company and that the sale was made by Frank Mullendore, president of the serum company, at the place of business of Weidman and the appellant was not present and knew nothing about any sales and nothing about what was done with the carcasses of the *virus* hogs, except that he had delivered them at the direction of Frank Mullendore, president of the Franklin Serum Company, to the man who called for them.

There being no evidence to sustain one of the essential elements of the offense charged, it follows that the verdict is not sustained by sufficient evidence and is contrary to law. Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial.